```
                    UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NORTH CAROLINA
                          SOUTHERN DIVISION

                        NO: 7:12-CR-37-FA-4
                           7:16-CV-231-FA
```

BILLY SALAZAR-RODRIGUEZ

    Movant,

v.                        <u>MEMORANDUM OPINION AND ORDER</u>

UNITED STATES OF AMERICA,

    Respondent.

Pending before the court is Billy Salazar-Rodriguez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. <u>See</u> ECF No. 810. The government has filed a motion to dismiss and a memorandum in support of that motion. <u>See</u> ECF Nos. 1047 and 1048. Salazar-Rodriguez did not respond to the motion to dismiss.

On February 19, 2013, a federal grand jury sitting in the Eastern District of North Carolina returned a Superseding Indictment charging Billy Salazar-Rodriguez and various co-conspirators with multiple counts. <u>See</u> ECF No. 226. Salazar-Rodriguez was charged with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), (Count Five); Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, (Count Six); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i), (Count Seven); conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §

846, (Count Eight); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), (Count Eleven); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), (Count Twelve); kidnapping, in violation of 18 U.S.C. § 1201(a), (Count Thirteen); and carrying and brandishing firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (Count Fourteen).

On June 19, 2013, pursuant to a written plea agreement, Salazar-Rodriguez pled guilty to Counts Six, Seven, Eight, and Thirteen. See ECF Nos. 280 and 282. Pursuant to the terms of the plea agreement, the government would dismiss the remaining counts as to Salazar-Rodriguez. On December 18, 2014, Salazar-Rodriguez was sentenced to a total term of imprisonment 252 months. Specifically, he was sentenced to 132 months imprisonment on Counts Six, Eight, and Thirteen, all sentences to run concurrently and 120 months on Count Seven that was to run consecutive to all other counts.

In his motion to vacate, Salazar-Rodriguez argues that his conviction on Count Seven must be vacated because the underlying predicate offense of conspiracy to commit Hobbs Act robbery is no longer a crime of violence. Salazar-Rodriguez is correct (and the government concedes) that conspiracy to commit Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c). See United States v. Davis,

2

139 S. Ct. 2319, 2336 (2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019); see also United States v. Smith, Criminal No. 3:08CR283, 2021 WL 3175965, at * (E.D. Va. Jul. 27, 2021) (vacating § 924(c) conviction and sentence where underlying predicate offense was Hobbs Act robbery conspiracy); Simmons v. United States, No. 2:12-cr-00415-DCN-2, 2020 WL 587114, at *2 (D.S.C. Feb. 6, 2020) (same).  The government argues, however, that Salazar-Rodriguez's motion to vacate should be dismissed as untimely and because of the waiver in his plea agreement.  The government also argues that Salazar-Rodriguez's claim is procedurally defaulted.

The motion is timely.  See Blackman v. United States, No. 16-17294, 805 F. App'x 993, 995 (11th Cir. Mar. 18, 2020) ("Here, it is clear that Davis announced the new rule of constitutional law applicable to Blackman's challenge to his § 924(c) conviction, rather than Johnson. . . . [B]ecause Blackman raised his Davis claim within one year of the Davis decision, we conclude that his § 2255 motion was timely filed."); see also United States v. Jimenez-Segura, 476 F. Supp.3d 326, 332 n.6 (E.D. Va. 2020) (parties agreed and court held that prisoner's § 2255 motion to vacate his § 924(c) conviction, filed in 2016, was no longer untimely because of Davis); United States v. Johnson, Criminal Action No. 3:09CR418-HEH-02, 2019 WL 4739670, at *3 (E.D. Va. Sept. 27, 2019) (noting as "wise" the government's

3

position not to pursue a statute of limitations defense because "Davis announced a new rule of constitutional law retroactively applicable to cases on collateral review").

The court also rejects the government's argument regarding the waiver in the plea agreement. On direct appeal, the United States Court of Appeals for the Fourth Circuit vacated the § 924(c) conviction for one of Salazar-Rodriguez's codefendants who, like Salazar-Rodriguez, pled guilty to Count Seven of the superseding indictment. See United States v. Calderon, No. 15-4420, 774 F. App'x 805, 806 (4th Cir. Aug. 15, 2019) ("Calderon's conviction for use of a firearm in a crime of violence—conspiracy to commit Hobbs Act robbery—cannot stand. We therefore vacate his conviction for this offense, vacate the sentence, and remand for resentencing."). It is true the Fourth Circuit did not explicitly address the plea agreement waiver in that case. However, in another recent case, the Fourth Circuit declined to enforce an appellate waiver in a plea agreement under similar circumstances. See United States v. Sweeney, No. 15-4456, 833 F. App'x 395, 397 (4th Cir. Jan. 15, 2021) ("Because Sweeney's § 924(c) conviction is not supported by a valid predicate, he has made a showing of actual innocence. We therefore decline to enforce the waiver and deny the Government's motion to dismiss."). Likewise, in another case from this court, the court rejected the argument that the government makes herein

4

and declined to enforce a collateral attack waiver holding that the petitioner's "challenge to her § 924(c) conviction [ ] falls outside the scope of the collateral attack waiver." McClarin v. United States, No. 5:11-CR-279-FL-2, 2021 WL 2019189, at *3 (E.D.N.C. May 20, 2021) (Flanagan, J.); see also Simmons, 2020 WL 587114, at *2 (government conceded as outside the scope of plea agreement waiver prisoner's habeas claim that § 924(c) conviction could not stand because predicate crime of violence was Hobbs Act conspiracy). Based upon the foregoing authorities, the court finds that Salazar-Rodriguez's motion is not subject to dismissal because of the plea agreement waiver.

As for the government's procedural default argument, the court finds that it also fails. In so concluding, the court relies on the following cases and the authorities cited therein. See McClarin, 2021 WL 2019189, at *3 (finding that petitioner had established cause and prejudice to excuse her procedural default and vacating conviction under § 924(c) where predicate offense was attempted Hobbs Act robbery); United States v. Jimenez-Segura, 476 F. Supp.3d 326, 334 (E.D. Va. 2020) (finding that defendant met the cause-and-prejudice standard to excuse procedural default where underlying predicate for § 924(c) conviction was conspiracy to commit Hobbs Act robbery). In particular, the court's opinion in Jimenez-Segura is thoughtful and well-reasoned and the court follows it here.

5

The government conceded that Salazar-Rodriguez would be entitled to vacatur of his § 924(c) conviction if the court rejected its arguments on collateral attack waiver and procedural default. See ECF No. 1046 at 21 n.2. The court must now fashion an appropriate remedy. As our appeals court has explained:

> [A] district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds. . . . If, by contrast, the court determines that the sentence is unlawful, the court "shall vacate and set . . . aside" the sentence. . . . If the district court determines that the prisoner's sentence is unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction. . . .
>
> Second, if the prisoner's sentence (and, depending on the scope of the prisoner's challenge, perhaps one or more of his convictions as well) is set aside, the district court "shall" grant the prisoner an "appropriate" remedy. 28 U.S.C.A. § 2255. While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy," United States v. Garcia, 956 F.3d 41, 45 (4th Cir. 1992), § 2255 lists the four remedies that are appropriate: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C.A. § 2255. Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnotes omitted).

The government has asked that Salazar-Rodriguez be resentenced by the court under the sentencing package doctrine if his conviction and sentence on Count Seven are vacated.

> The sentencing package doctrine acknowledges that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the sentence package—that reflects the guidelines and the relevant § 3553(a) factors." United States v. Pearson, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal quotations omitted). Thus, upon resentencing a defendant on the remaining convictions after the vacatur of one conviction, the district court may "reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." Greenlaw v. United States, 554 U.S. 237, 253, 128 S. Ct. 2559, 171 L. Ed.2d 399 (2008).

United States v. Tyler, No. 19-4908, 850 F. App'x 175, 177 (4th Cir. Mar. 23, 2021); see also Davis, 139 S. Ct. at 2336 ("[W]hen a defendant's 924(c) conviction is invalidated, court of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (internal quotation marks omitted).

The court agrees with the government that resentencing is the appropriate remedy.

For all these reasons, the court **DENIES** the government's motion to dismiss; **GRANTS** Salazar-Rodriguez's Motion to Vacate as follows: 1) his conviction and sentence on Count Seven, using and carrying firearms during and in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), are **VACATED**, and 2) a resentencing hearing on the remaining counts is scheduled for May 2, 2022, at 10:00 a.m., in Raleigh; and **DISMISSES** this matter from the court's active docket.

The United States Probation Office is **DIRECTED** to prepare a modification to the presentence investigation report that addresses the recalculation of Salazar-Rodriguez's statutory and Guidelines sentencing ranges and any other information relevant to sentencing. The report should be provided to counsel and objections, if any, should be filed within 14 days of receipt of the report.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

8

The Clerk is directed to send copies of this Memorandum Opinion and Order to defendant, counsel of record, the Office of the Federal Public Defender, and the Probation Office of this court.

**IT IS SO ORDERED** this 7th day of March, 2022.

ENTER:

David A. Faber
Senior United States District Judge